| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE MARION SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF MARION ) | | CAUSE NO.   49D10 16-08 CT 027644 |

James Jarvis, )
    *Plaintiff,* )
     )
v. )
     )
Ronald Davis, )
Corizon, LLC, )
Corizon Health, Inc., and the )
Indiana Department of Correction, )
    *Defendants.* )

**FILED**
AUG 03 2016
Myla A. Eldridge
CLERK OF THE MARION CIRCUIT COURT

## Complaint for Damages

Plaintiff James Jarvis, by counsel, files his Complaint for Damages, and in support hereof, states and alleges as follows:

### Parties & Facts

1. James is a resident of Marion County, Indiana.

2. Defendant Indiana Department of Correction (the DOC) is a department in the executive branch of the Indiana state government with its principal office located in Marion County, Indiana.

3. Defendant Corizon, LLC is a limited liability company registered to conduct business in the state of Indiana, with its principal office, for purposes of Trial Rule 75, located in Marion County, Indiana.

4. Defendant Corizon Health, Inc. is a for-profit foreign corporation registered to conduct business in the state of Indiana, with its principal office, for purposes of Trial Rule 75, located in Marion County, Indiana.

5. At all relevant times, Corizon, LLC and Corizon Health, Inc. (collectively,


EXHIBIT A

"Corizon") provided medical services for inmates at the DOC's Miami Correctional Facility (MCF) located in Bunker Hill, Indiana.

6. Defendant Ronald Davis (Dr. Davis) was at all relevant times a physician at the MCF, acting under color of state law, who was charged with the responsibility of ensuring adequate medical care for inmates at the MCF, and who performed the public function of administering medical services to inmates.

7. In 2014, James was an inmate at the MCF.

8. James suffers from seizures and requires seizure medication.

9. On or around August 4, 2014, James received substandard and deliberately indifferent medical care at the MCF, including but not limited to being denied his seizure medication.

### Claims for Negligence against Corizon and the DOC

10. James incorporates the preceding paragraphs as though fully set forth below.

11. Corizon rendered inadequate and negligent medical care to James.

12. As a direct and proximate result of Corizon's negligence, James has suffered personal injury and damages.

13. Corizon is legally responsible under Indiana state law, specifically under the doctrine of *respondeat superior*, for the actions of its employees.

14. The DOC is legally responsible for the actions of Corizon because the DOC has a non-delegable duty to provide adequate medical care to inmates incarcerated at the MCF. *See* Ind. Code § 11-10-3-2; U.S. Const., amend VIII.

### 42 U.S.C. § 1983 Claims against Dr. Davis

15. James incorporates the preceding paragraphs as though fully set forth below.

16. Dr. Davis, while acting under color of state law, was deliberately indifferent to the medical needs of James, violating James's rights guaranteed to him under the United States Constitution.

17. Dr. Davis's deprivation of James's constitutional rights was a proximate cause of James's personal injury and damages.

18. Plaintiff is entitled to attorney fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, James respectfully requests a judgment against the Defendants that will fully and fairly compensate him for his damages, for the cost of this action, including attorney fees, and all other relief just and appropriate in the premises.

Respectfully submitted,

/s/ David Thompson

David R. Thompson (#28806-29)
THE LAW OFFICE OF ROBERT D. KING, JR., P.C.
22 E. Washington St., Suite 310
Indianapolis, IN 46204
Email: dthompson@robertkinglaw.com
Phone: (317) 916-0000
Fax: (317) 955-1844