## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

JAMES JARVIS,                          )
                                       )
Plaintiff,                             )
                                       )
vs.                                    )        CAUSE NO. 3:16-CV-525
                                       )
RONALD DAVIS, *et al.*,                )
                                       )
Defendants.                            )

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Remand, filed by the plaintiff, James Jarvis, on September 12, 2016 (DE #20). For the reasons set forth below, the Motion for Remand is **GRANTED** and this case is **REMANDED** back to the Marion Superior Court, Civil Division 10.

BACKGROUND

On or about August 3, 2016, the plaintiff, James Jarvis ("Jarvis") filed a complaint in the Marion Superior Court against Ronald Davis ("Dr. Davis"), Corizon, LLC ("Corizon"), Corizon Health, Inc. ("Corizon Health"), and the Indiana Department of Correction ("IDOC"). (DE #3.) The case was assigned cause number 49D10-1608-CT-027644. (*Id*.) Jarvis filed an amended complaint on August 4, 2016, adding Advanced Correctional Healthcare, Inc. ("ACH") and the Hendricks County Sheriff's Office (the "Sheriff's Office") as additional defendants. (DE #4.) In his amended complaint, Jarvis

describes IDOC as a "department in the executive branch of the Indiana state government," the Sheriff's Office as "a local governmental entity that is responsible for caring for the Hendricks County Jail and its prisoners," Corizon, Corizon Health, and ACH (collectively, "Healthcare Defendants") as "provider[s of] medical services for Indiana inmates," and Dr. Davis as "a physician, acting under color of state law, who was charged with the responsibility of ensuring adequate medical for Indiana inmates, and who performed the public function of administering medical services to inmates." (*Id.* at 1-2.) Jarvis alleges that he received "substandard and deliberately indifferent medical care from Dr. Davis and the Healthcare Defendants, including but not limited to being denied his seizure medication" which led to him suffering personal injuries and damages. (*Id.* at 2.) He brings claims for negligence against the Healthcare Defendants, IDOC, and the Sheriff's Office pursuant to Indiana state law, and he brings a claim pursuant to 42 U.S.C. section 1983 against Dr. Davis. (*Id.* at 3.)

On August 11, 2016, Corizon and Corizon Health (collectively, the "Corizon Defendants") filed a joint notice of removal stating that the case is removable as it "falls within the original jurisdiction of this Court because it involves issues arising under the Constitution or other laws of the United States." (DE #1, p. 2.) The notice of removal also states that because Dr. Davis, ACH, the Sheriff's Office, and IDOC had not yet been served at the time of filing, "all Defendants who have been served consent to the removal

of this action." (*Id.*)

On September 12, 2016, Jarvis filed the instant motion for remand, arguing that the notice of removal is defective. (DE #20.) Specifically, Jarvis states that three of the non-removing codefendants had been served by the time the notice of removal was filed by the Corizon Defendants, yet they did not provide their written consent to removal. According to Jarvis, the documentation indicates that the complaint and summons were served on IDOC on August 5, 2016, that IDOC was also served through the Indiana Attorney General on August 9, 2016, that the Sheriff's Office was served on August 8, 2016, and that ACH was served on August 9, 2016. (DE #20; see also DEs #20-1 through #20-5.) The Corizon Defendants, joined by IDOC,[1] filed a response in opposition to the motion for remand on September 16, 2016. (DE #23.) In it, they do not dispute the dates of service noted above; however, they argue that the Court should exercise its discretion and choose not to remand the case because the remaining codefendants who have now been served[2] have cured the defect by indicating their consent to removal via emails dated September 12-13, 2016. (*Id.* at 1-2; see also DE #23-1.) In a reply filed on September 21, 2016, Jarvis argues that the attempt to cure the procedural defect is untimely and insufficient to avoid remand. (DE #25.) The motion is thus ripe for adjudication.

_____

[1] The Corizon Defendants and IDOC are represented by the same attorney, Carol A. Dillon. (See DEs #18, #19, & #22.)

[2] Dr. Davis remains unserved at this point.

DISCUSSION

A civil case brought in state court may be removed to a district court which has original jurisdiction. 28 U.S.C. § 1441(a). Defendants who wish to remove a civil action from state court to federal court must file a "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal . . . ." 28 U.S.C. § 1446(a). The requirements for removal are as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). While the thirty day deadline is not jurisdictional, it "is a strictly construed rule of procedure, and failure to comply with this rule is ground for remand, absent waiver." *Macri v. M & M Contractors, Inc.*, 897 F. Supp. 381, 383-84 (N.D. Ind. 1995) (citing *N. Ill. Gas Co. v. Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982)). In general, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). In the Seventh Circuit, the requirement of timely written consent is construed strictly. See *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993), *overruled on other grounds by Meridian Sec. Ins. Co. v. Sadowski*, 441

4

F.3d 536, 540 (7th Cir. 2006).  As the Seventh Circuit Court of
Appeals has stated, "[a] petition for removal fails unless all
defendants join it.  To 'join' a motion is to support it in writing
. . . ."  *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994)
(internal citations omitted), *abrogated on other grounds by Murphy
Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).
Several years later, the court expanded upon that notion when
determining that a removal notice was defective because, even though
the defendant had noted that "all properly served defendants agreed
to the removal, . . . not all of these defendants joined in the
petition because not all of them signed it."  *Gossmeyer v. McDonald*,
128 F.3d 481, 489 (7th Cir. 1997); see also *Boruff v. Transervice,
Inc.*, No. 2:10-CV-322, 2011 WL 1296675, *2 (N.D. Ind. March 30, 2011)
("Although [removing defendant's] notice of removal represents that
'[co-defendant] consents to the removal,' this statement is
insufficient to meet the Seventh Circuit's requirement of express,
written consent.")

A party who believes removal was improper may file a motion to
remand pursuant to 28 U.S.C. section 1447.  Unless the defect relates
to the lack of subject matter jurisdiction, the motion must be made
within thirty days of the filing of the notice of removal.  28 U.S.C.
§ 14479(c).  As to amendments:

> [w]ithin the thirty-day time limit for removal
> imposed by § 1446(b), a removal petition may be
> freely amended to cure any defects.  Even after
> the thirty-day time limit, defects as to
> allegations of jurisdiction may be cured by

5

> amendment in accordance with 28 U.S.C. § 1653.
> Defects in removal procedures may only be cured
> within the statutory time period, however,
> unless they are waived.

*Macri*, 897 F. Supp. at 384 (internal citations omitted).  The Seventh

Circuit has allowed untimely amendments to cure defective notices of

removal in certain circumstances, "[b]ut in each of these cases,

multiple factors – often including the fact that the unconsenting

party's consent was not required for removal – supported the Court's

decision not to remand the case."  *Boruff*, 2011 WL 1296675 at *4-5

(collecting cases and finding that the defendant's amended notice of

removal was insufficient to avoid remand under relevant Seventh

Circuit precedent).

Here, the Corizon Defendants were served with the complaint and

summons on August 5, 2016.  IDOC was served the same day, and the

Sheriff's Office and ACH were served on August 8 and 9, 2016,

respectively.  The notice of removal was filed on August 11, 2016,

which was within the thirty day time frame.  However, Jarvis argues

that the notice is defective because it was not signed by IDOC, the

Sheriff's Office, or ACH and thus does not meet the Seventh Circuit's

requirement of express, written consent.

The Court agrees with Jarvis that the notice of removal is

defective.  The procedural requirements of removal in the Seventh

Circuit are applied quite strictly, and, as *Gossmeyer* makes clear,

all served defendants must "support the petition in writing, i.e.

sign it."  *Gossmeyer*, 128 F.3d at 489 (noting that even though the

6

removal petition indicated that all properly served defendants had agreed to remove the case, "not all of these defendants joined in the petition because not all of them signed it"). Emails expressing consent from parties (who had been served at the time of removal) that were provided to the Court beyond the thirty day removal time frame are simply insufficient to establish proper consent. See *Komacko v. Am. Erectors, Inc.*, No. 2:12-CV-495, 2013 WL 3233229, *2 (N.D. Ind. June 25, 2013) (the non-removing defendant's "email and letter consenting to removal is insufficient to meet the Seventh Circuit's strict requirement of express, written consent, and the later filed notice of consent was untimely"). Furthermore, while the Seventh Circuit has permitted belated amendments to cure defective notices of removal in some circumstances, the factors supporting those decisions are not present here. See e.g. *N. Ill. Gas Co.,* 676 F.2d at 274 (accepting untimely amendment because the state court record "plainly disclosed" that the non-removing defendant was a "nominal party"); *Boruff*, 2011 WL 1296675 at *5 (distinguishing cases where "multiple factors" such as dismissal prior to removal, nominal party status, and waiver via a failure to object supported the decision not to remand). In this case, the consent of IDOC, the Sheriff's Office, and ACH were required, and Jarvis has objected to the removal. The time limit is a "strictly construed rule of procedure," and a plaintiff has a "right to remand if the defendant did not take the right steps when removing." *Macri*, 897 F. Supp. 381, 383-84 (N.D. Ind. 1995). The Corizon Defendants argue that the

7

Court should exercise its discretion to deny the motion for remand because Dr. Davis could simply file a notice of removal himself once he is served, which would bring the case back to federal court and amount to a waste of resources. However, the Court agrees with Jarvis that such an argument is speculative, as Dr. Davis currently remains unserved in this matter. Because the notice of removal is defective and has not been cured in a timely manner, the Court concludes that remand is appropriate in this case.

CONCLUSION

For the reasons set forth above, the Motion for Remand (DE #20) is **GRANTED** and this case is **REMANDED** back to the Marion Superior Court, Civil Division 10.


**DATED: October 27, 2016**          **/s/ RUDY LOZANO, Judge**
                                     **United States District Court**